UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISSETTE BORJA, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| VS. | : | |
| | : | |
| BLUE EAGLE TRANSPORT, INC, | : | |
| FEDEX HOME DELIVERY | : | |
| Defendant. | : | January 16, 2014 |

Jury Trial Demanded

## COMPLAINT

Plaintiff, Lissette Borja, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendants, respectfully alleges:

### PARTIES

1. Plaintiff is citizen of the State of Connecticut residing in the Town of Stratford.

2. Defendant Blue Eagle Transport was and is a corporation organized and existing under the laws of the Connecticut with its principal place of business located at 66 Riverside Avenue, Westport, CT 06880.

3. Defendant FedEx Home Delivery was and is a corporation organized and existing under the laws of the Connecticut with its principal place of business located at 550 Longbeach Blvd. Stratford, CT 06615.

4. At all times material, defendant is an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k).

5. At all times material, plaintiff is an employee with the meaning of the

Connecticut Fair Employment Practices Act cited as C.G.S. 46a-60(a) et seq.

6. At all times material, defendant is an employer within the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-60(a) et seq.

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k).

8. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

9. Plaintiff is Hispanic.

10. Plaintiff is female.

11. Plaintiff was employed by the defendants.

12. Defendant, Blue Eagle Transport, employs more than fifteen (15) individuals.

13. Defendant, FedEx Home Delivery, employs more than fifteen (15) individuals.

14. Plaintiff was hired by the defendant, FedEx Home Delivery as a seasonal employee in 2011.

15. The senior manager of the Fed Ex terminal in Stratford, Anthony Renallo said he wanted her to be hired as a seasonal employee. Prior to the interview, Renallo gave Plaintiff the interview guide and questions that would be asked in the interview.

16. After Plaintiff commenced the seasonal employment, Renallo told her that she owed him a favor because he wasn't supposed to show her the interview guide and could be fired for it. Renallo told the Plaintiff to stay with the FedEx Home Delivery as a seasonal employee and that she would be hired full-time by the end of the season.

17. Plaintiff was a driver for FedEx Home Delivery, who contracted through the Defendant, Blue Eagle and Green Eagle. Anthony Renallo and Chris were employees of FedEx Home Delivery and Jack and Ish were employees of the Defendant Blue Eagle.

18. In or around September 2012, Renallo began making sexual comments towards the Plaintiff. The comments included "I want to eat your pussy" and that he "wanted" the Plaintiff and offered her money to be with him.

19. Plaintiff responded to Renallo's advances by saying "no," "stop" and "leave me alone" and that she did not want a sexual relationship with him.

20. After Plaintiff refused Renallo's advances, Renallo started to tell Plaintiff's boss, at Blue Eagle, Jack that she was not happy with the work and wanted to be paid more. When confronted by Jack, Plaintiff denied saying these things. Jack then told Plaintiff to try to stay away from Renallo because he was not rooting for her.

21. Plaintiff confronted Renallo about his advances and conversations with Jack, and Renallo stated that he could do whatever he wanted with her because he was not technically her boss due to the contracted services.

22. When Plaintiff tried to stay away from Renallo, he would threaten her job if she didn't speak to him.

23. Renallo spread lies about Plaitnifft to other employees of the Defendant.

24. In or around September 2012, Plaintiff was harassed by drivers of the Defendant, Blue Eagle, stating that they would like to "feel" her and sleep with her and that they "would go real slow" and that they would "give her a vibrator and watch her use it."

25. Another driver at FedEx Home Delivery spanked Plaintiff on her behind.

26. Plaintiff asked the drivers to stop harassing her and making sexual advances towards her.

27. In or around September 2012, Plaintiff's supervisor, Ish, began to make sexual comments towards her as well, including the fact that he "loved seeing me in jeans" and "would have no problem getting it in the hole."

28. In November or December of 2012, Plaintiff complained to Renallo and Chris about the aforementioned treatment, but they did nothing in response to improve the situation.

29. In fact, Renallo told Plaintiff that one of the managers Chris wants to have sex with her.

30. After making the complaints, Plaintiff was given a very difficult route, which caused complainant anxiety.

31. Plaintiff also complained to her boss, Jack, about the sexual harassment and adverse treatment.

32. On December 24, 2012, Plaintiff's boss, Jack, fired her for speaking up to him about the adverse treatment. Plaintiff was rehired by Jack after Jack spoke with Ish and said it was a mistake.

33. At the time of rehire, however, Plaintiff's hours were reduced by the Defendant to part-time, and her wages were thereby reduced to approximately $200-$300 per week.

34. Following her rehire, Plaintiff requested to work for a different contractor, but the manager, Chris, told the contractor not to hire her because she was a "pretty woman with big breasts."

35. On or about January 2013, Plaintiff told the Defendant she was going to take legal action for her adverse treatment.

36. Following Plaintiff seeking an attorney, the Defendant hired two more seasonal female employees.

37. On or about March 12, 2013, Plaintiff requested a leave of absence, which was approved by Ish and Jack.

38. On or about March 27, 2013, Plaintiff contacted the Defendant to return to work. Defendant refused to allow Plaintiff to return to work. Defendant claimed that the Plaintiff had quit.

39. Plaintiff did not quit her employment with the Defendant.

40. On our about March 27, 2013, Plaintiff was terminated.

41. Plaintiff was one of two females working for the Defendant at the FedEx Home Delivery location in Stratford during the time of the adverse treatment. The other female was older than Plaintiff.

42. Plaintiff's supervisors were non-Hispanic. The supervisors at FedEx Home delivery, Anthony Renallo and Chris, were white. Plaintiff's supervisors through the contracting service, Jack & Ish, were Turkish.

Plaintiff filed charges on the following date: March 27, 2013 with the Equal Employment Opportunity Commission (EEOC).

43. Plaintiff received right to sue letters (copies attached as Exhibit 1) on the following date: November 20, 2013.

44. Plaintiff filed charges with the Commission on Human Rights and Opportunities ("CHRO") on the following date: March 27, 2013.

45. Plaintiff received releases of jurisdiction from the CHRO on November 13, 2013.

**FIRST COUNT**
**(Race Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

46. Defendants, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

a. In that defendants interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

b. In that defendants limited and classified the plaintiff by her race in such a way that deprived her of opportunities and recognition given to other similarly situated coworkers;

c. In that defendants racially discriminated the plaintiff in such a way that it adversely affected her status as an employee;

  d. In that defendants discharged the plaintiff from employment on account of her race

47. As a direct and proximate result of defendants' violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered damages.

## SECOND COUNT
**(Race Discrimination Violation of the Connecticut Fair Employment Practices Act C.G.S §46a-60(a)** *et seq.***)**

1. Plaintiff repeats and re-alleges the general allegations set forth above as though fully set forth herein.

48. Defendants violated the Connecticut Fair Employment Practices Act in one or more of the following ways:

  a. In that defendants interfered with plaintiff's privilege of employment on the basis of plaintiff's race.

  b. In that defendants limited and classified the plaintiff by her race in such a way that deprived her of opportunities and recognition given to other similarly situated coworkers;

  c. In that defendants racially discriminated the plaintiff in such a way that it adversely affected her status as an employee;

  d. In that defendants discharged the plaintiff from employment on account of her race.

49. As a direct and proximate result of defendants' violation of the Connecticut Fair Employment Practices Act, plaintiff suffered damages.

## THIRD COUNT
### (Retaliation in Violation of Title VII)

1. Plaintiff repeats the allegations in paragraphs 1 through 49 above as if fully incorporated herein.

50. Defendants, by and through its agents, servants, and/or employees, violated Title VII by retaliating against the plaintiff for complaining that she was being subjected to sexual harassment.

51. As a direct and proximate result of defendants' retaliation, plaintiff suffered damages.

## FOURTH COUNT
### (Retaliation in Violation of Connecticut Fair Employment Practices Act C.G.S §46a-60(a) *et seq.*)

1. Plaintiff repeats the allegations in paragraphs 1 through 51 above as if fully incorporated herein.

52. Defendants, by and through its agents, servants, and/or employees, violated C.G.S. §46a-60(a) *et seq.* by retaliating against the plaintiff for complaining that she was being subjected to sexual harassment.

53. As a direct and proximate result of defendants' retaliation, plaintiff suffered damages.

## FIFTH COUNT
### (Gender Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

54. Defendants' actions violated Connecticut Fair Employment Practices Act, C.G.S. §46a-60(a)(1) as amended, which prohibit discrimination on the basis of gender in one or more of the following ways:

(a) In that defendants terminated plaintiff's employment because of her gender;

(b) In that defendants interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

(c) In that defendants limited and classified the plaintiff by her gender in such a way that deprived her of opportunities and recognition given to other similarly situated coworkers;

(d) In that defendants discriminated against the plaintiff in such a way that adversely affected her status as an employee; and

(e) In that defendants treated the plaintiff adversely different from similarly situated non-female employees.

55. As a direct and proximate result of defendants' discrimination and wrongful termination, plaintiff has been deprived of her employment and equal employment opportunities because of her gender.

56. As a further direct and proximate result of defendants' discrimination of the plaintiff, plaintiff has been deprived of income, wages and benefits.

57. As a further result of defendants' termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment and emotional distress.

58. Plaintiff has suffered and will continue to suffer injuries as a result of defendants' wrongful and discriminatory acts.

59. Defendants' termination and unequal treatment of the plaintiff was arbitrary, unreasonably discriminatory and retaliatory all in violation of Connecticut's Fair Employment Practices Act. The defendants exhibited ill will, malice, improper motive,

and indifference to the plaintiff's civil rights by terminating her on the basis of her gender.

## SIXTH COUNT
### (Gender Discrimination in Violation of Title VII)

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

60. Defendants' actions violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

(a) In that defendants terminated plaintiff's employment because of her gender;

(b) In that defendants interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

(c) In that defendants limited and classified the plaintiff by her gender in such a way that deprived herein of opportunities and recognition given to other similarly situated coworkers;

(d) In that defendants discriminated against the plaintiff in such a way that adversely affected her status as an employee; and

(e) In that defendants treated the plaintiff adversely different from similarly situated non-female employees.

61. As a direct and proximate result of defendants' discrimination and wrongful termination, plaintiff has been deprived of her employment and equal employment opportunities because of her gender.

62. As a further direct and proximate result of defendants' discrimination of the plaintiff, plaintiff has been deprived of income, wages and benefits.

63. As a further result of defendants' termination and discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment and emotional distress.

64. Plaintiff has suffered and will continue to suffer injuries as a result of defendants' wrongful and discriminatory acts.

65. Defendants' termination and unequal treatment of the plaintiff was arbitrary, and unreasonably discriminatory all in violation of Title VII. The defendants exhibited ill will, malice, improper motive, and indifference to the plaintiff's civil rights by terminating her on the basis of her gender.

## SEVENTH COUNT
### (Hostile Work Environment Sexual Harassment In Violation of Title VII)

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

66. Plaintiff was repeatedly subjected to sexual harassment by her co-workers and supervisors. The harassment was repetitious and continuous.

67. The harassment was unwelcome.

68. The harassment was based upon her gender and was sexual in nature.

69. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

70. Defendants knew or should have known that the plaintiff was being sexually harassed and unreasonably failed to stop the sexual harassment.

71. As a direct and proximate result of the hostile work environment sexual harassment, plaintiff suffered damages.

## EIGHTH COUNT
### (Hostile Work Environment Sexual Harassment In Violation of C.G.S. §46a-60(a)(1)))

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

72. Plaintiff was repeatedly subjected to sexual harassment by her co-worker and supervisors. The harassment was repetitious and continuous.

73. The harassment was unwelcome.

74. The harassment was based upon her gender and was sexual in nature.

75. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

76. Defendant knew or should have known that the plaintiff was being sexually harassed and unreasonably failed to stop the sexual harassment.

77. As a direct and proximate result of the hostile work environment sexual harassment, plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for appropriate compensatory damages including: damages for back pay, front pay, bonuses, personal days, lost pension benefits, emotional distress; consequential damages; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: January 16, 2014

_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

**EXHIBIT 1**

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Lissette Borja<br>86 Birch Dr<br>Stratford, CT 06615 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2013-00810 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Feng K. An,
Acting Director

NOV 20 2013
(Date Mailed)

Enclosures(s)

cc:
BLUE EAGLE TRANSPORT INC AND GREEN EAGLE TRANSPORT INC
66 Riverside Ave
Westport, CT 06880

Megan L. Piltz
SABATINI AND ASSOCIATES
one market sq
Newington, CT 06111

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Lissette Borja
86 Birch Dr
Stratford, CT 06615

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2013-00811 | Anne R. Giantonio, Intake Supervisor | (617) 565-3189 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Feng K. An,
Acting Director

NOV 2 0 2013
(Date Mailed)

Enclosures(s)

cc:
FEDEX HOME DELIVERY
550 Longbeach Boulvd
Stratford, CT 06615

Megan L. Piltz
SABATINI AND ASSOCIATES LLC
one market sq
Newington, CT 06111

**EXHIBIT 2**

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Lissette Borja
COMPLAINANT

CHRO No. 1320339

vs.

Blue Eagle Transport Inc./
Green Eagle Transport, Inc.          EEOC No. 16A-2013-00810
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

November 13, 2013
DATE

Tanya A. Hughes
Interim Executive Director

Sent to:
Megan L. Piltz, Esq. via email: mpiltz@sabatinilaw.com
Falos Koleci, Esq., via email: fkoleci@yahoo.com

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

| | |
|---|---|
| Lissette Borja<br>COMPLAINANT<br><br>vs.<br><br>FedEx Home Delivery<br>RESPONDENT | CHRO No. 1320340<br><br><br>EEOC No. 16A-2013-00811 |

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

November 13, 2013
DATE

_Tanya A. Hughes_
Tanya A. Hughes
Interim Executive Director

Sent to:
Megan L. Piltz, Esq. via email: mpiltz@sabatinilaw.com
Edward G. Melvin, Esq., via email: egm@ccf-law.com