UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISSETTE BORJA | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:14-CV-00074-AWT |
| | : | |
| v. | : | |
| | : | |
| BLUE EAGLE TRANSPORT, INC. & | : | |
| FEDEX HOME DELIVERY | : | |
| Defendants. | : | February 28, 2014 |

### ANSWER OF FEDEX GROUND PACKAGE SYSTEM, INC.

Plaintiff Lissette Borja ("Borja") has sued FedEx Home Delivery, but there is no such entity. FedEx Home Delivery is a service offering of FedEx Ground Package System, Inc. ("FedEx Ground"). In the interest of judicial economy, FedEx Ground is answering Ms. Borja's Complaint rather than making an issue of the name of the FedEx entity that has been sued. FedEx Ground, by and through its counsel, hereby files its Answer and Affirmative Defenses responding, by corresponding numbers, to each of the numbered paragraphs of the Complaint ("Complaint") filed by Ms. Borja in the above captioned matter (Dkt. #1) by admitting, denying, and averring as follows:

### PARTIES

1. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 1 and therefore denies them.

2. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 2 and therefore denies them.

3. FedEx Ground denies the allegations contained in Paragraph 3 of the Complaint. FedEx Home Delivery is not a corporation and therefore has no principal place of business. FedEx Home Delivery is a service offering of FedEx Ground, which is incorporated in Delaware

and has its principal place of business in Moon Township, Pennsylvania. FedEx Ground has a station at 550 Long Beach Boulevard in Stratford, Connecticut.

4. The allegations in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. If a response is required, FedEx Ground admits that it is an employer within the meaning of Title VII but denies that it was Ms. Borja's employer at the times pertinent to her Complaint.

5. The allegations in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. If a response is required, FedEx Ground denies the allegations in Paragraph 5.

6. The allegations in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. If a response is required, FedEx Ground admits that it is an employer within the meaning of the Connecticut Fair Employment Practices Act but denies that it was Ms. Borja's employer at the times pertinent to her Complaint.

## JURISDICTION AND VENUE

7. The allegations in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground admits that this Court has subject matter jurisdiction as to Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and this action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

8. The allegations in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground admits that venue is proper.

## **GENERAL ALLEGATIONS**

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation at Paragraph 9 and therefore denies it.

10. Admitted.

11. FedEx Ground admits that it briefly employed Ms. Borja in 2011 but denies that it employed her at the times pertinent to her Complaint. FedEx Ground admits that Blue Eagle Transport employed Ms. Borja.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation at Paragraph 12 and therefore denies it.

13. FedEx Ground admits that it employs more than 15 individuals.

14. FedEx Ground admits that it hired Ms. Borja as a seasonal employee in 2011.

15. FedEx Ground denies the allegations in Paragraph 15 of the Complaint.

16. FedEx Ground denies the allegations in Paragraph 16 of the Complaint.

17. FedEx Ground denies that Ms. Borja was a driver for FedEx Home Delivery or FedEx Ground. FedEx Ground admits that it contracts with Blue Eagle Transport, Inc. ("Blue Eagle") and Green Eagle Transport, Inc. ("Green Eagle"). FedEx Ground admits that it employs Anthony Ranallo and Christopher Pickett. FedEx Ground admits that Green Eagle has an authorized officer, Necip Sinan Domez, who is commonly referred to as "Jack" and that Blue Eagle has an authorized officer, Ramzi Korkmaz, who is commonly referred to as "Ish."Defendant denies the allegations in Paragraph 17 of the Complaint.

18. FedEx Ground denies the allegations Paragraph 18 of the Complaint.

19. FedEx Ground denies the allegations in Paragraph 19 of the Complaint.

20. FedEx Ground denies the allegations in Paragraph 20 of the Complaint.

21. FedEx Ground denies the allegations in Paragraph 21 of the Complaint.

22. FedEx Ground denies the allegations in Paragraph 22 of the Complaint.

23. FedEx Ground denies the allegations in Paragraph 23 of the Complaint.

24. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 24 and therefore denies them.

25. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 25 and therefore denies them.

26. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 26 and therefore denies them.

27. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 27 and therefore denies them.

28. FedEx Ground denies the allegations at Paragraph 28 of the Complaint.

29. FedEx Ground denies the allegations at Paragraph 29 of the Complaint.

30. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 30 and therefore denies them.  FedEx Ground was not Ms. Borja's employer when she worked as a driver and did not schedule or determine what route she would drive.

31. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 31, and therefore denies them.

32. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 32 and therefore denies them.

33. FedEx Ground assumes that Ms. Borja's reference to "Defendant" in Paragraph 33 is to Blue Eagle and not FedEx Ground and, on that assumption, FedEx Ground answers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations

at Paragraph 33 and therefore denies them.  If Ms. Borja is referring to FedEx Ground with the reference to "Defendant," FedEx Ground denies the allegation as it was not Ms. Borja's employer when she worked as a driver.

34. FedEx Ground denies the allegations at Paragraph 34 of the Complaint.

35. FedEx Ground assumes that Ms. Borja's reference to "Defendant" in Paragraph 35 is to Blue Eagle and not FedEx Ground and, on that assumption, FedEx Ground answers that it is without knowledge or information sufficient to form a belief as to the truth of the allegation at Paragraph 35 and therefore denies it.  If Ms. Borja is referring to FedEx Ground with the reference to "Defendant," FedEx Ground denies the allegation.

36. FedEx Ground assumes that Ms. Borja's reference to "Defendant" in Paragraph 36 is to Blue Eagle and not FedEx Ground and, on that assumption, FedEx Ground answers that it is without knowledge or information sufficient to form a belief as to the truth of the allegation at Paragraph 36 and therefore denies it.  If Ms. Borja is referring to FedEx Ground with the reference to "Defendant," FedEx Ground denies the allegation.

37. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore denies them.

38. FedEx Ground assumes that Ms. Borja's reference to "Defendant" in Paragraph 38 is to Blue Eagle and not FedEx Ground and, on that assumption, FedEx Ground answers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 38 and therefore denies them.  If Ms. Borja is referring to FedEx Ground with the reference to "Defendant," FedEx Ground denies the allegations.

39. FedEx Ground assumes that Ms. Borja's reference to "Defendant" in Paragraph 39 is to Blue Eagle and not FedEx Ground and, on that assumption, FedEx Ground answers that

it is without knowledge or information sufficient to form a belief as to the truth of the allegation at Paragraph 39 and therefore denies it.  If Ms. Borja is referring to FedEx Ground with the reference to "Defendant," FedEx Ground denies the allegation.

40. FedEx Ground denies the allegation at Paragraph 40 of the Complaint.

41. FedEx Ground assumes that Ms. Borja's reference to "Defendant" in Paragraph 41 is to Blue Eagle and not FedEx Ground and, on that assumption, FedEx Ground answers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations at Paragraph 41 and therefore denies them.  If Ms. Borja is referring to FedEx Ground with the reference to "Defendant," FedEx Ground denies the allegations.

42. On information and belief, Jack and Ish, Ms. Borja's supervisors at her employer Blue Eagle, are Turkish and are not Hispanic.  FedEx Ground admits that Anthony Ranallo and Christopher Pickett are white and are not Hispanic but denies that they were Ms. Borja's supervisors.

43. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegation at Paragraph 43 and therefore denies it.

44. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegation at Paragraph 44 and therefore denies it.

**45.** FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 45 and therefore it.

## FIRST COUNT

**(Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. § 2000e(k))**

1. FedEx Ground repeats and incorporates by reference each of its responses to Paragraphs 1 through 45 of the Complaint as though set forth herein.

46. FedEx Ground denies the allegations at Paragraph 46 and each and every subparagraph of Paragraph 46 of the Complaint.

47. The allegations at Paragraph 47 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

## SECOND COUNT

**(Race Discrimination Violation of the Connecticut Fair Employment Practices Act C.G.S. § 46a-60(a) *et seq*.)**

1. FedEx Ground repeats and incorporates by reference each of its responses to Paragraphs 1 through 47 of the Complaint as though set forth herein.

48. FedEx Ground denies the allegations at Paragraph 48 and each and every subparagraph of Paragraph 48 of the Complaint.

49. The allegations at Paragraph 49 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

## THIRD COUNT

### (Retaliation in Violation of Title VII)

1. FedEx Ground repeats and incorporates by reference each of its responses to Paragraphs 1 through 49 of the Complaint as though set forth herein.

50. FedEx Ground denies the allegations at Paragraph 50 of the Complaint.

51. The allegations at Paragraph 51 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

## FOURTH COUNT

### (Retaliation in Violation of Connecticut Fair Employment Practices Act C.G.S. § 46a-60(a) *et seq*.)

1. FedEx Ground repeats and incorporates by reference each of its responses to Paragraphs 1 through 51 of the Complaint as though set forth herein.

52. FedEx Ground denies the allegations at Paragraph 52 of the Complaint.

53. The allegations at Paragraph 53 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

## FIFTH COUNT

### (Gender Discrimination in Violation of C.G.S. § 46a-60(a)(1))

1. FedEx Ground repeats and incorporates by reference each of its responses to Paragraphs 1 through 53 of the Complaint as though set forth herein.

54. FedEx Ground denies the allegations at Paragraph 54 and each and every subparagraph of Paragraph 54 of the Complaint.

55. The allegations at Paragraph 55 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

56. The allegations at Paragraph 56 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

57. The allegations at Paragraph 57 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

58. The allegations at Paragraph 58 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

59. The allegations at Paragraph 59 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

## SIXTH COUNT

### (Gender Discrimination in Violation of Title VII)

1. FedEx Ground repeats and incorporates by reference each of its responses to Paragraphs 1 through 59 of the Complaint as though set forth herein.

60. FedEx Ground denies the allegations contained in Paragraph 60 and each and every subparagraph of Paragraph 60 of the Complaint.

61. The allegations at Paragraph 61 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

62. The allegations at Paragraph 62 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

63. The allegations at Paragraph 63 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

64. The allegations at Paragraph 64 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

65. The allegations at Paragraph 65 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

## SEVENTH COUNT

**(Hostile Work Environment Sexual Harassment in Violation of Title VII)**

1. FedEx Ground repeats and incorporates by reference each of its responses to Paragraphs 1 through 65 of the Complaint as though set forth herein.

66. To the extent Ms. Borja at Paragraph 66 of her Complaint is referring to "her co-workers and supervisors" at Blue Eagle, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent Plaintiff is referring to FedEx Ground employees when she refers to "co-workers and supervisors," FedEx Ground denies the allegations at Paragraph 66 of the Complaint and further answers that during the pertinent time period Ms. Borja was not an employee of FedEx Ground and no FedEx Ground employees were her co-workers or supervisors.

67. To the extent Ms. Borja at Paragraph 67 of her Complaint is referring to harassment by co-workers and supervisors at Blue Eagle, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent Plaintiff is alleging unwelcome harassment by FedEx Ground employees, FedEx Ground denies the allegations at Paragraph 67 of the Complaint.

68. To the extent Ms. Borja at Paragraph 68 of her Complaint is referring to harassment by co-workers and supervisors at Blue Eagle, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies

them. To the extent Plaintiff is alleging harassment by FedEx Ground employees, FedEx Ground denies the allegations at Paragraph 68 of the Complaint.

69. To the extent Ms. Borja at Paragraph 69 of her Complaint is referring to a Blue Eagle-created work environment, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent Ms. Borja is referring to a FedEx Ground-created work environment, FedEx Ground denies the allegations at Paragraph 69 of the Complaint.

70. FedEx Ground denies the allegations at Paragraph 70 of the Complaint to the extent they are directed at FedEx Ground. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of Ms. Borja's allegations at Paragraph 70 to the extent they are directed at Blue Eagle and therefore denies them.

71. The allegations at Paragraph 71 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

## EIGHTH COUNT

**(Hostile Work Environment Sexual Harassment in Violation of C.G.S. § 46a-60(a)(1))**

1. FedEx Ground repeats and incorporates by reference each of its responses to Paragraphs 1 through 71 of the Complaint as though set forth herein.

72. To the extent Ms. Borja at Paragraph 72 of her Complaint is referring to "her co-worker and supervisors" at Blue Eagle, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent Plaintiff is referring to FedEx Ground employees when she refers to "co-worker and

supervisors," FedEx Ground denies the allegations at Paragraph 72 of the Complaint and further answers that during the pertinent time period Ms. Borja was not an employee of FedEx Ground and no FedEx Ground employees were her co-workers or supervisors.

73. To the extent Ms. Borja at Paragraph 73 of her Complaint is referring to harassment by co-workers and supervisors at Blue Eagle, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent Ms. Borja is alleging unwelcome harassment by FedEx Ground employees, FedEx Ground denies the allegations at Paragraph 73 of the Complaint.

74. To the extent Ms. Borja at Paragraph 74 of her Complaint is referring to harassment by co-workers and supervisors at Blue Eagle, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth those allegations and therefore denies them. To the extent Plaintiff is alleging harassment by FedEx Ground employees, FedEx Ground denies the allegations at Paragraph 74 of the Complaint.

75. To the extent Ms. Borja at Paragraph 75 of her Complaint is referring to a Blue Eagle-created work environment, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. To the extent Ms. Borja is referring to a FedEx Ground-created work environment, FedEx Ground denies the allegations at Paragraph 75of the Complaint.

76. FedEx Ground denies the allegations at Paragraph 76 of the Complaint to the extent they are directed at FedEx Ground. FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of Ms. Borja's allegations at Paragraph 76 to the extent they are directed at Blue Eagle and therefore denies them.

77. The allegations at Paragraph 77 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, FedEx Ground denies that Ms. Borja suffered any actionable harm for which FedEx Ground is liable and denies that Ms. Borja is entitled to any relief whatsoever.

To the extent the unnumbered "WHEREFORE" clause immediately following Paragraph 77 of the Complaint requires a response, FedEx Ground denies that Ms. Borja is entitled to any of the forms of relief sought in the unnumbered "WHEREFORE" clause or otherwise, and further denies the remaining allegations set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Ms. Borja fails to state a claim on which relief may be granted under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 (et seq.), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (et seq.), in whole or in part, because she cannot establish the elements necessary for each claim alleged as a matter of fact and/or law, including but not limited to the fact that she was not FedEx Ground's employee during the pertinent time period.

### SECOND AFFIRMATIVE DEFENSE

Ms. Borja's claims are barred, in whole or in part, to the extent they have been filed beyond any applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Ms. Borja's claims are barred, in whole or in part, because she has failed to properly mitigate her damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, FedEx Ground acted without an intent to discriminate and without an intent to engage in any unlawful employment practice. FedEx Ground acted in good faith and with reasonable grounds to believe that it was not violating federal, state, and/or common law.

### FIFTH AFFIRMATIVE DEFENSE

Ms. Borja's claims, in whole or in part, are barred to the extent that she failed to exhaust and/or fulfill all administrative prerequisites prior to filing the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Ms. Borja's damages, if any, were proximately caused by persons or entities other than FedEx Ground, including possibly Ms. Borja.

## SIXTH AFFIRMATIVE DEFENSE

FedEx Ground reserves the right to seek contribution and/or indemnification from other parties whose actions contributed to or caused the damages of Plaintiff, which damages are specifically denied.

FedEx Ground reserves the right to amend its answer, to add additional or other affirmative defenses, to delete or withdraw defenses, and to add claims as they may become necessary after reasonable opportunity for appropriate discovery.

>Respectfully submitted,
>
>DEFENDANT
>FEDEX GROUND PACKAGE SYSTEM, INC.
>
>By: _____/s/_____
>Shel D. Myers, ct13581
>Kainen, Escalera & McHale, P.C.
>21 Oak Street, Suite 601
>Hartford, CT 06106
>Tel: (860) 493-0870
>Fax: (860) 493-0871
>Email: smyers@kemlaw.com
>Its Attorneys

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 28th day of February, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties who have appearances as of the time of this filing, by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/<br>
Shel D. Myers, ct13581

58335