UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
:
LISSETTE BORJA,                         :   CIVIL ACTION NO.
                                        :   3:14-cv-00074 (JAM)
    Plaintiff,                          :
                                        :
v.                                      :
                                        :
BLUE EAGLE TRANSPORT, INC.,             :   DECEMBER 12, 2014
FEDEX HOME DELIVERY                     :
    Defendant.                          :
                                        :
_____  :

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## BLUE EAGLE TRANSPORT, INC.

    Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the Defendant, Blue Eagle Transport, Inc. ("Defendant" or "Blue Eagle"), by and through its attorneys, Jackson Lewis P.C., answers the Complaint as follows:

    1.    Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 1 and therefore denies the allegations and leaves the Plaintiff to her proof.

    2.    Blue Eagle denies the allegations of Paragraph 2, except admits that it is a corporation organized under the laws of the state of Connecticut with a business address of 66 Riverside Avenue, Westport, CT 06880.

    3.    As the allegations of Paragraph 3 are directed to Defendant FedEx Home Delivery, Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations and therefore denies the allegations and leaves the Plaintiff to her proof.

4. Defendant neither admits nor denies the allegations of Paragraph 4 because they are legal conclusions. To the extent these allegations are viewed otherwise, Blue Eagle denies that it was an employer within the meaning of Title VLII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991 during the time Plaintiff was employed by Blue Eagle.

5. Defendant neither admits nor denies the allegations of Paragraph 5 because they are legal conclusions. To the extent these allegations are viewed otherwise, Blue Eagle admits that Plaintiff was an employee under the Connecticut Fair Employment Practices Act during the time Plaintiff was employed by Blue Eagle.

6. Defendant neither admits nor denies the allegations of Paragraph 6 because they are legal conclusions. To the extent these allegations are viewed otherwise, Blue Eagle admits that it was an employer under the Connecticut Fair Employment Practices Act during the time Plaintiff was employed by Blue Eagle.

7. Defendant neither admits nor denies the allegations of Paragraph 7 because they are legal conclusions. To the extent these allegations are viewed otherwise, Defendant does not challenge the jurisdiction of the Court as alleged.

8. Defendant neither admits nor denies the allegations of Paragraph 8 because they are legal conclusion. To the extent these allegations are viewed otherwise, Defendant does not challenge the jurisdiction or venue of the Court as alleged.

9. Defendant lacks information or knowledge upon which to form a belief as to the allegations of Paragraph 9 and therefore denies the allegations and leaves the Plaintiff to her proof.

10. Defendant admits the allegations of Paragraph 10.

11. Defendant admits that it employed Ms. Borja commencing November 3, 2012 and that her last day of work was February 28, 2013. Upon information and belief,

Defendant Blue Eagle also admits that Plaintiff was employed by Defendant FedEx at some point prior to her employment with Blue Eagle.

12. Blue Eagle denies that it employed more than fifteen (15) individuals during the time that Plaintiff was employed by Blue Eagle.

13. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 13 and therefore denies the allegations and leaves the Plaintiff to her proof.

14. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 14 and therefore denies the allegations and leaves the Plaintiff to her proof.

15. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 15 and therefore denies the allegations and leaves the Plaintiff to her proof.

16. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 16 and therefore denies the allegations and leaves the Plaintiff to her proof.

17. Blue Eagle denies the allegations of Paragraph 17, except admits that Blue Eagle contracts with Defendant FedEx and that Necip Sinan Donmez --who is commonly known as "Jack"-- is Vice President of Blue Eagle and that Isik Yildiz—who is commonly known as "Ish" -- works at the same location.

18. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 18 and therefore denies the allegations and leaves the Plaintiff to her proof.

19. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 19 and therefore denies the allegations and leaves the Plaintiff to her proof.

20. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the alleged advances of Renallo and therefore denies the allegations and leaves the Plaintiff to her proof. Blue Eagle denies the remaining allegations of Paragraph 20.

21. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 21 and therefore denies the allegations and leaves the Plaintiff to her proof.

22. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 22 and therefore denies the allegations and leaves the Plaintiff to her proof.

23. Blue Eagle denies the allegations of Paragraph 23, except states that it lacks sufficient information or knowledge as to any alleged comments by Renallo to fellow employees of FedEx.

24. Blue Eagle denies the allegations of Paragraph 24.

25. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 25 and therefore denies the allegations and leaves the Plaintiff to her proof.

26. Blue Eagle denies the allegations of Paragraph 26, except states that it lacks sufficient information or knowledge as to any alleged comments by Plaintiff to FedEx drivers.

27. Blue Eagle denies the allegations of Paragraph 27.

28. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 28 and therefore denies the allegations and leaves the Plaintiff to her proof.

29. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 29 and therefore denies the allegations and leaves the Plaintiff to her proof

30. Blue Eagle denies that portion of Paragraph 30 which alleges that complaints were made to Blue Eagle or that Plaintiff was given a very difficult route. As to the remaining allegations of Paragraph 30, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves the Plaintiff to her proof.

31. Blue Eagle denies the allegations of Paragraph 31.

32. Blue Eagle denies the allegations of Paragraph 32.

33. Blue Eagle denies the allegations of Paragraph 33.

34. Blue Eagle denies that portion of Paragraph 34 which alleges that Plaintiff was rehired. As to the remaining allegations of Paragraph 34, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves the Plaintiff to her proof.

35. Blue Eagle denies the allegations of Paragraph 35.

36. Blue Eagle denies the allegations of Paragraph 36.

37. Blue eagle denies the allegations of Paragraph 37, except admits that Plaintiff informed Ish that she needed a leave of absence on or about March 1, 2013.

38. Blue Eagle denies the allegations of Paragraph 38.

39. Blue Eagle denies the allegations of Paragraph 39.

40. Blue Eagle denies the allegations of Paragraph 40.

41. Blue Eagle denies the allegations of Paragraph 41, except admits that during the time Plaintiff was employed by Blue Eagle, another FedEx contractor at the same location employed a woman who was older than Plaintiff.

42. Blue Eagle admits that portion of Paragraph 42 which alleges that Jack and Ish are Turkish. Blue Eagle further admits that, upon information and belief, Anthony Renallo and Chris are white.

43. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 43 and therefore denies the allegations of Paragraph 43 and leaves the Plaintiff to her proof.

44. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 43 and therefore denies the allegations of Paragraph 44 and leaves the Plaintiff to her proof

45. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to the allegations of Paragraph 45 and therefore denies the allegations of Paragraph 45 and leaves the Plaintiff to her proof.

### FIRST COUNT
**(Race Discrimination in Violation of Title VII)**

1. Blue Eagle incorporates by reference its response to the allegations of Paragraphs 1-45 of the Complaint as if fully set forth herein.

46. Blue Eagle denies the allegations of Paragraph 46 and each of its subparts.

47. Blue Eagle denies the allegations of Paragraph 47.

## SECOND COUNT
### (Race Discrimination in Violation of the Connecticut Fair Employment Practices Act, C.G.S. § 46a-60(a) *et seq*.)

1. Blue Eagle incorporates by reference its response to the allegations of Paragraphs 1-47 of the Complaint as if fully set forth herein

48. Blue Eagle denies the allegations of Paragraph 48 and each of its subparts.

49. Blue Eagle denies the allegations of Paragraph 49.

## THIRD COUNT
### (Retaliation in Violation of Title VII)

1. Blue Eagle incorporates by reference its response to the allegations of Paragraphs 1-49 of the Complaint as if fully set forth herein.

50. Blue Eagle denies the allegations of Paragraph 50.

51. Blue Eagle denies the allegations of Paragraph 51.

## FOURTH COUNT
### (Retaliation in Violation of the Connecticut Fair Employment Practices Act, C.G.S. § 46a-60(a) *et seq*.)

1. Blue Eagle incorporates by reference its response to the allegations of Paragraphs 1-51 of the Complaint as if fully set forth herein

52. Blue Eagle denies the allegations of Paragraph 52.

53. Blue Eagle denies the allegations of Paragraph 53.

## FIFTH COUNT
### (Gender Discrimination in Violation of the Connecticut Fair Employment Practices Act, C.G.S. § 46a-60(a) *et seq*.)

1. Blue Eagle incorporates by reference its response to the allegations of Paragraphs 1-53 of the Complaint as if fully set forth herein.

54. Blue Eagle denies the allegations of Paragraph 54 and each of its subparts.

55. Blue Eagle denies the allegations of Paragraph 55.

56. Blue Eagle denies the allegations of Paragraph 56.

57. Blue Eagle denies the allegations of Paragraph 57.

58. Blue Eagle denies the allegations of Paragraph 58.

59. Blue Eagle denies the allegations of Paragraph 59.

## SIXTH COUNT
### (Gender Discrimination in Violation of Title VII)

1. Blue Eagle incorporates by reference its response to the allegations of Paragraphs 1-59 of the Complaint as if fully set forth herein.

60. Blue Eagle denies the allegations of Paragraph 60 and each of its subparts.

61. Blue Eagle denies the allegations of Paragraph 61.

62. Blue Eagle denies the allegations of Paragraph 62.

63. Blue Eagle denies the allegations of Paragraph 63.

64. Blue Eagle denies the allegations of Paragraph 64.

65. Blue Eagle denies the allegations of Paragraph 65.

## SEVENTH COUNT
### (Hostile Work Environment Sexual Harassment in Violation of Title VII)

1.  Blue Eagle incorporates by reference its response to the allegations of Paragraphs 1-65 of the Complaint as if fully set forth herein.

66.  To the extent that Plaintiff's allegations of Paragraph 66 refer to her co-workers and supervisors at FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 66 refer to her co-workers and supervisors at Blue Eagle, Blue Eagle denies the allegations.

67.  To the extent that Plaintiff's allegations of Paragraph 67 refer to her co-workers and supervisors at FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 67 refer to conduct of her co-workers and supervisors at Blue Eagle, Blue Eagle denies the allegations.

68.  To the extent that Plaintiff's allegations of Paragraph 68 refer to her co-workers and supervisors at FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 68 refer to conduct of her co-workers and supervisors at Blue Eagle, Blue Eagle denies the allegations.

69.  Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to Plaintiff's subjective beliefs and therefore denies that portion of Paragraph 69 and leaves the Plaintiff to her proof.  As to the remaining allegations, to the extent that Plaintiff's allegations of Paragraph 69 refer to her co-workers and supervisors at FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the

allegations and leaves Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 69 refer to conduct of her co-workers and supervisors at Blue Eagle, Blue Eagle denies the allegations.

70. To the extent Plaintiff's allegations of Paragraph 70 refer to FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves the Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 70 refer to Blue Eagle, Blue Eagle denies the allegations.

71. Blue Eagle denies the allegations of Paragraph 71.

**EIGHTH COUNT**
**(Hostile Work Environment Sexual Harassment in Violation of C.G.S. 46a-60(a)(1))**

1. Blue Eagle incorporates by reference its response to Paragraphs 1-71 of the Complaint as if fully set forth herein.

72. To the extent that Plaintiff's allegations of Paragraph 72 refer to her co-workers and supervisors at FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 72 refer to her co-workers and supervisors at Blue Eagle, Blue Eagle denies the allegations.

73. To the extent that Plaintiff's allegations of Paragraph 73 refer to her co-workers and supervisors at FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 73 refer to conduct of her co-workers and supervisors at Blue Eagle, Blue Eagle denies the allegations.

74. To the extent that Plaintiff's allegations of Paragraph 74 refer to her co-workers and supervisors at FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 74 refer to conduct of her co-workers and supervisors at Blue Eagle, Blue Eagle denies the allegations.

75. Blue Eagle lacks sufficient information or knowledge upon which to form a belief as to Plaintiff's subjective beliefs and therefore denies that portion of Paragraph 75 and leaves the Plaintiff to her proof. As to the remaining allegations, to the extent that Plaintiff's allegations of Paragraph 75 refer to her co-workers and supervisors at FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 75 refer to conduct of her co-workers and supervisors at Blue Eagle, Blue Eagle denies the allegations.

76. To the extent Plaintiff's allegations of Paragraph 76 refer to FedEx, Blue Eagle lacks sufficient information or knowledge upon which to form a belief and therefore denies the allegations and leaves the Plaintiff to her proof. To the extent that Plaintiff's allegations of Paragraph 76 refer to Blue Eagle, Blue Eagle denies the allegations.

77. Blue Eagle denies the allegations of Paragraph 77.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation.

3. To the extent the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, the Plaintiff's claims are barred for the failure to exhaust administrative remedies.

4. Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior and Plaintiff has unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

5. Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

6. The Defendant denies that it acted willfully or in reckless disregard to the rights of the Plaintiff.

7. Assuming, *arguendo*, that Defendant had any improper motive toward Plaintiff, which it did not, Defendant would have made the same decisions with regard to Plaintiff's employment even absent such a factor.

8. Plaintiff's claims are barred, in whole or in part, and/or recovery of damages is precluded because even if the employees engaged in the actions alleged in the Complaint, which they did not, Defendant exercised reasonable care and good faith efforts to prevent the alleged discrimination and/ or harassment in accordance with applicable laws.

9. All actions taken by Defendant with respect to the Plaintiff were taken in good faith and for legitimate non-discriminatory business reasons.

10. Blue Eagle reserves the right to seek contribution and/ or indemnification from other parties whose actions contributed to or caused the alleged damages of Plaintiff, which damages are denied.

        Respectfully submitted,

        DEFENDANT,
        BLUE EAGLE TRANSPORT, INC.,

        By:    /s/ Jennifer L. Schancupp
           Jennifer L. Schancupp (CT11876)
           Joan C. Luu (CT28294)
           JACKSON LEWIS P.C.
           1010 Washington Blvd., 7th Floor
           Stamford, CT 06903
           Tel: 203.961.0404
           Fax: 203.324.4704
           Email: soltism@jacksonlewis.com
                  schancuj@jacksonlewis.com
                  luuj@jacksonlewis.com

        ITS ATTORNEYS

## CERTIFICATION OF SERVICE

       I hereby certify that on December 12, 2014, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by email on anyone unable to accept electronic filing as indicated below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                                                 /s/ Jennifer L. Schancupp
                                                                                        Jennifer L. Schancupp

4848-1815-9137, v.  1